EQUI VALLEY MARBLE CO., Limited, v. BECKER.

(Circuit Court of Appeals, Second Circuit.  November 16, 1908.)

No. 43.

SHIPPING (§ 108*)—CARRIAGE OF GOODS—CONTRACTS OF AFFREIGHTMENT—DAMAGES FOR BREACH.

Where, after a vessel had sailed with part only of the cargo she had contracted to carry for a shipper, the latter signed, under a verbal protest, a bill of lading covering the entire quantity, as the only means of obtaining any bill of lading, such bill did not supersede the original contract, and the shipper is entitled to recover back the freight paid on the cargo not taken, as well as damages resulting from the failure to take it.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 407; Dec. Dig. § 108.*]

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 153 Fed. 378.

J. Parker Kirlin, for appellant.

Clarence B. Smith and Wheeler, Cortis & Haight, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.  We must decide this case on the record before us, although, because of the libelant's delay in filing its libel and the respondent's failure to take proofs on any material point, it is most unsatisfactory.  The libelant has established that it made a contract at Spezia, Italy, with one Giacopini, as respondent's agent, for carriage to New York on one of his steamers of 500 tons of marble, to be shipped in the month of September, 1904, at Spezia, for a freight of 16½ shillings per ton of 16 cubic feet measurement, including the expense of loading and discharging.  The marble was on lighters ready to be loaded September 12th.  The respondent's steamship Citta de Palermo called at Spezia September 23d and loaded 295½ tons, and sailed on the 29th, leaving 204½ tons on the lighters. October 9th the respondent's agent presented his bill of lading, which was printed to be signed by the shippers as well as by the master, requiring the shipper to pay net freight 9 shillings 6d. per ton on the 204½ tons of marble short-shipped.  The libelant refused to accept this bill of lading because of this charge, but ultimately did sign and accept it; respondent refusing to deliver it in any other form.  Upon arrival at New York the libelant paid the freight called for by the bill of lading under protest and filed this libel some eight months afterwards.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We think the whole case turns upon the question whether the libelant has proved that it signed and accepted the bill of lading at Spezia, October 9th, under protest. A bill of lading is a commercial document of title, which represents the goods, and which the master by the general maritime law and expressly by section 3 of the Harter act (Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]), in the case of vessels in the foreign trade, is bound to give to the shipper. The libelant has made out, perhaps a little lamely, that it did sign and accept this bill of lading under verbal protest for the purpose of getting this usual document of title. Under these circumstances the bill of lading cannot be said to have taken the place of the original contract of affreightment. The correspondence offered in evidence by the respondent was properly excluded by the court, and we have not considered it at all.

Decree affirmed, with interest and costs.